IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MATEO-LLENZA and HERMINIO DAMIANI-CINTRON<br><br>Plaintiffs<br><br>vs<br><br>OSI RESTAURANT PARTNERS, LLC doing business as Outback Steakhouse; WACHOVIA;<br>JOE DOE and RICHARD DOE;<br>INSURANCE COMPANY A<br><br>Defendants | CIVIL 09-1191CCC |

## OPINION AND ORDER

The action before us is based on a slip-and-fall accident experienced by plaintiff Carmen Mateo Llenza of Naranjito, Puerto Rico, at the Outback Restaurant (the restaurant) in Los Paseos Mall, in San Juan, Puerto Rico. Plaintiffs have filed this action in federal court, alleging diversity jurisdiction, having named as defendants OSI Restaurant Partners, LLC (OSI) of Tampa, Florida, as the owners and operators of the restaurant and Wachovia, also of Tampa, Florida, as the insurers of the restaurant.

Before the Court are two Motions to Dismiss (**docket entries 4 and 7**) filed by Wachovia Insurance Services, Inc. (Wachovia) and OSI Restaurant Partners, LLC (OSI), respectively. Plaintiffs opposed both motions (docket entries 8 and 9).

In its Motion to Dismiss, at ¶3 Wachovia states that, ". . . said company is not an insurer of general liability risks, and it has never issued an insurance policy to OSI Restaurant Partners, LLC nor to any other person or legal entity to cover risks of the Outback Steakhouse Restaurant located in Los Paseos Mall in San Juan, Puerto Rico." The motion is supported by a Statement Under Penalty of Perjury of Debra A. Nichols, Senior Vice President of Wachovia Insurance Services, Inc.

CIVIL 09-1191CCC                             2

By way of opposition plaintiffs have filed a document entitled, "Plaintiffs' Opposition to Wachovia's Motion to Dismiss." The motion, however, is a treatise on summary judgment, and is accompanied by a statement of contested facts and a memorandum in support of plaintiffs' opposition.

Plaintiffs state, at pages 2 and 3 as follows:

> . . . The Restaurant and Wachovia, through their actions, have represented at all times, that any claim regarding this case's incident should be filed with Wachovia. In fact, when an extra judicial claim was filed by plaintiffs, the same was assigned no. GCGLOSI040844 and Wachovia made an extrajudicial offer on behalf of the Restaurant. Therefore, the Restaurant and Wachovia have represented to the plaintiffs that Wachovia is the insurance provider for the Restaurant and/or represents the Restaurant's insurer in this claim.

As exhibits to their motion, plaintiffs include two printouts from Wachovia's internet Website, neither of which support plaintiff's claim. In fact, plaintiffs' Exhibit II belies their assertions. The page, which is headed "Insurance," states below "Financial protection against unforeseen accidents, death, disability, illness or loss–that's the purpose of insurance. Whatever your insurance needs are, you can easily research and get quotes on the coverage you're interested in." Below that, are links to the following categories of insurance: Life Insurance, Auto Insurance, Home Insurance, Health and Health-Related Insurance and Recreational Vehicle Insurance. None of the descriptions of each category identify insurance which would cover liability for the type of incident here. Exhibit III is a letter from plaintiffs' attorney written November 21, 2008 to "Wackovia" at a Tampa, Florida address, in reference to "Claim of Carmen Mateo Llenza v. Outback Steakhouse; O/F 111.00" Mateo Llenza's declaration under penalty of perjury, her Exhibit IV, states that the restaurant manager told her to file the claim with Wachovia, which she did; that Wachovia gave it a claim number: and that Wachovia's adjuster, Brenda Fidalgo, made an offer of settlement on behalf of the restaurant.

CIVIL 09-1191CCC                                    3

In sum, besides her unsupported allegation of Wachovia's offer of settlement and letter sent to Wachovia, that she did not submit in support of her opposition to the dismissal, the only other evidence are the printouts from Wachovia's website, that do not support her contention that it was the insurer of OSI's liability in this case.  Therefore, dismissal of Wachovia is proper in this case.

OSI's Motion to Dismiss states, at ¶¶8and 9, that ". . . OSI was not the owner, operator or administrator of the Outback Restaurant in question at any time relevant to the complaint. . . . OSI Restaurant Partners, LLC, has never owned, operated and/or administered the Outback Steakhouse that was located at the Los Paseos Mall...." At ¶12, OSI states that,

> . . . these same plaintiffs filed a complaint before the Court of First Instance of the Commonwealth of Puerto Rico for the same accident and claiming the same damages in which they name as defendant Sánchez King-Horn, Inc., previously known as Outback Steakhouse Incorporated, a corporation organized under the laws of Puerto Rico since 1994, and it is alleged that, at the time of the accident, said corporation had opened to the public, owned and operated, the Outback Steakhouse restaurant located at the Los Paseos Mall in San Juan.

Plaintiffs, in their opposition, do not deny this statement.  Rather they address this paragraph with the vague statement,". . . because plaintiffs also filed a state action against Sánchez King Horn, Inc. P.R., (a corporation that was incorporated <u>for the purpose of dealing with the Outback Steakhouse Restaurants </u>in Puerto Rico), the claims against OSI are inconsistent."  (Docket entry 9, p.3.)  (Our emphasis.)  This allegation sidesteps OSI's statement that plaintiffs alleged that Sánchez King-Horn, Inc. was the owner of the restaurant. Plaintiffs have provided nothing to refute OSI's affidavit disclaiming ownership of the restaurant in question.  Their support for their opposition relies on print-outs from OSI's website.  If anything, a sentence at Exhibit III, there is a statement, "If you are interested in being an international franchisee, please <u>click here</u>," A franchise offers, as one alternative, ownership of an independent business.  1 <u>Franchise & Distr. Law & Practice</u>,

CIVIL 09-1191CCC                               4

§1.3.  In franchising, the franchisee bears the cost of establishing new outlets and the risk of opening new market.  The franchiser is thus relieved of this cost, but nonetheless receives a fee for the use of its name, trademarks and business concepts.  Id.

For the above-stated reasons, the two Motions to Dismiss (**docket entries 4 and 7**), filed by Wachovia Insurance Services, Inc. and OSI Restaurant Partners, LLC respectively, are GRANTED, and this action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on June 9, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge